# ELY v. NEW MEXICO AND ARIZONA RAILROAD COMPANY.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 1133.   Submitted January 14, 1889.—Decided January 28, 1889.

Under the statutes of the Territory of Arizona, a complaint in a civil action, alleging that the plaintiff is the owner in fee of a parcel of land, particularly described, and that the defendant claims an adverse estate or interest therein, and praying for a determination of the defendants' claim and of the plaintiff's title, and for an injunction and other equitable relief, is good on demurrer.

THIS was a complaint, filed in a district court of the Territory of Arizona and county of Pima, by Frank Ely against the New Mexico and Arizona Railroad Company and several individuals, alleging that the " plaintiff is the owner in fee of all that piece or parcel of land granted by the Mexican authorities to Leon Herreros on May 15, 1825," called the Rancho San José de Sonoita, situated in the Sonoita Valley in the county aforesaid, and more particularly described and bounded in the complaint, according to the calls of a survey made by the government of Spain in June, 1821; and that the "defendants, and each of them, claim an estate or interest in and to the above described land and premises adverse to this plaintiff; that the said claim of the said defendants and each of them is without any right whatsoever; and the said defendants have not, nor have any or either of them, any estate, right, title or interest whatever in said lands and premises or any part thereof.   Wherefore the plaintiff prays:

" 1st. That the defendants, and each of them, be required to set forth the nature of his claim, and that all adverse claims of the defendants, and each of them, may be determined by decree of this court.

" 2d.   That by said decree it be declared and adjudged that the defendants have no estate or interest whatever in or to said land or premises, or in or to any part thereof, and that the title of the plaintiff is good and valid.

"3d. That the defendants, and each ( . them, be . ors enjoined and debarred from asserting any claim wh.tever i. or to said land or premises, or to any part thereof, adverse to the plaintiff, and for such other and further relief as to this honorable court shall seem meet. and agreeable to equity, and for his costs of suit."

The defendants demurred to the complaint, upon the ground that it did not state facts sufficient to constitu · a cause of action. The demurrer was sustained, and judgmen given for the defendants, dismissing the action. The judgment was affirmed in the Supreme Court of the Territory. 19 Pacifu Reporter, 6. The plaintiff appealed to this court.

*Mr. Rochester Ford* for appellant.

*Mr. B. H. Hereford* and *Mr. Thomas Mitchell* for appellees.

MR. JUSTICE GRAY, after stating the case as above reported, delivered the opinion of the court.

The judgment of the Supreme Court of the Territory of Arizona in favor of the defendants, upon their demurrer to the complaint, proceeded upon the ground that the action must be treated as a suit in equity only, and that the complaint made out no case for equitable relief, and therefore could not be maintained under the opinions of this court in *Holland* v. *Challen*, 110 U. S. 15, 25, and *Frost* v. *Spitley*, 121 U. S. 552, 557. See also *More* v. *Steinbach*, 127 U. S. 70. But each of those cases came from a Circuit Court of the United States, in which the distinction between actions at law and suits in equity is preserved. The present action, arising under territorial statutes, is governed by different considerations.

The statutes of Arizona provide that "there shall be in this territory but one form of civil action for the enforcement or protection of private rights and the redress or prevention of private wrongs," to be commenced by complaint, containing " a statement of the facts constituting the cause of action, in ordinary and concise language," and "a demand of the relief

which the plaintiff claims." Compiled Laws of 1877, c. 48, §§ 1, 22, 39. Under precisely similar statutes of the Territory of Montana,.it has been adjudged by this court that both legal and equitable relief may be granted in the same action, and may·be administered through the intervention of a jury or by the court itself,.according·to the nature of the remedy sought. *Hornbuckle* v. *Toombs*, 18 Wall. 648; *Hershfield* v. *Griffith*, 18 Wall. 657; *Davis* v. *Bilsland*, 18 Wall. 659 ; *Basey* v. *Gallagher*, 20 Wall. 670.

By the Compiled Laws of Arizona, c. 48, § 256, "an action· may be brought by any person in possession by himself· or his tenant of real property against any·person who claims an estate or interest therein adverse. to him, for the purpose of determining such adverse claim, estate or interest."

By the act of the Territory of 1881, c. 59, that statute is amended by striking out the requirement of the plaintiff's possession, so as to read as follows: "An action may be brought by any·person against another who claims an estate or interest in·said real property adverse to him, for the purpose of determining such adverse claim."

The manifest intent of the statute, as thus amended, is, that any person owning real property, whether in possession or not, in which any other person claims an adverse title or interest, may bring an action against him to determine the adverse claim and to quiet the plaintiff's title. It extends to cases in which the plaintiff is out of possession and the defendant is in possession, and in which, at common law, the plaintiff might have·maintained ejectment. An allegation, in ordinary and concise terms, of the ultimate fact that the plaintiff is the owner in fee is sufficient, without setting out matters of evidence, or what have been sometimes called probative .facts, which go to establish that ultimate fact; and an allegation that the defendant claims an.adverse estate or interest is sufficient, without further defining it, to put him to a disclaimer, or to allegation and proof of the estate or interest which he claims, the nature of which must be known to him, and may not be known to the plaintiff.

These conclusions accord with the decisions of the courts of

California and Indiana under similar statutes, from one of which the present statute of Arizona would seem to have been taken. *Payne* v. *Treadwell*, 16 California, 220, 242–247; *Statham* v. *Dusy*, 11 Pacific Reporter, 606; *Heeser* v. *Miller*, 19 Pacific Reporter, 375; *Jefferson &c. Railroad* v. *Oyler*, 60 Indiana, 383, 392; *Trittipo* v. *Morgan*, 99 Indiana, 269.

The result is, that the complaint in this case is sufficient to authorize the court to determine the claim of the defendants and the title of the plaintiff, and also, if the facts proved at the hearing shall justify it, to grant an injunction or other equitable relief.

*Judgment reversed, and case remanded to the Supreme Court of Arizona, with directions to overrule the demurrer to the complaint, and to take such further proceedings as may be consistent with this opinion.*