Wayne L. DAVIS, Appellant,

v.

William TANT et al., Appellees.

No. 34.

Supreme Court of Alaska.

May 5, 1961.

Kenneth R. Atkinson, Anchorage, for appellant.

No attorneys for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

AREND, Justice.

This is an action brought pursuant to the provisions of section 56–1–91, ACLA 1949 to determine adverse claims to certain real property. The statute in question provides that

"Any person in possession, by himself or his tenant, of real property, may maintain an action of an equitable nature against another who claims an estate or interest therein adverse to him, for the purpose of determining such claim, estate, or interest."

On May 21, 1959, the appellant Davis, to whom we shall refer herein as the plaintiff, filed his complaint in the District Court for the District (Territory) of Alaska, against six named defendants and "all other persons or parties unknown." He alleged in the complaint that he is the owner and in possession of seven lots of land in the Rosebud Subdivision of the Anchorage Recording District, Alaska, and that he has been in such possession by himself and his predecessors in interest for more than ten years. He further alleged that the several defendants claim interests in the lots adverse to himself and without any right whatever. In his prayer for relief he asked the court to adjudge (1) that he has a good and valid title to the property; (2) that the defendants be forever barred from assert-

ing any claim in the property adverse to the plaintiff.

The case came on for hearing on only one segment thereof. This concerned the defendant, Paul Whiteman, and lots four and five of Block "F" of the Rosebud Subdivision. It had been alleged in the complaint that Whiteman alone claimed an interest in those two lots adverse to the plaintiff. The record discloses that a default had been entered against Whiteman on September 24, 1959, for his failure to plead or otherwise defend. On the same day, presumably after entry of the default, the plaintiff appeared in court, Whiteman not appearing, and presented oral testimony by himself and his attorney as follows:

The plaintiff acquired legal title to lots four and five by mesne conveyances from the patentee who obtained his patent on May 16, 1949. One Otto Schneider, who held a tax deed to the property from the Anchorage Independent School District, dated October 16, 1958, had conveyed his interest to the plaintiff by quitclaim deed on January 29, 1959. All of the foregoing instruments had been recorded. A prior tax deed had been issued to Whiteman by the School District in 1958, as revealed by the records of the School District. Plaintiff's attorney could not find that the Whiteman tax deed had ever been recorded or that Whiteman had ever paid any taxes on the property. Taxes were paid on the lots by the plaintiff. Although the lots were vacant, swampy and unimproved, there were surveyor stakes on the property. The plaintiff had been out to the property and had taken as much possession thereof as the circumstances would permit. He had never seen any evidence of someone else having been on the lots or claiming possession of the same adverse to the plain-

tiff. No one had ever challenged the plaintiff's right to possession.

Later, on November 15, 1959, the trial court enquired of plaintiff's attorney whether he had any more proof to offer under the ten-year statute.[1] Counsel replied that he had not, other than by tacking and then went on to explain:

"I contend that he [meaning the plaintiff] has possession by virtue of his title, plus paying taxes, plus walking around it and seeing that nobody else has a structure on it. * * *"

It does not appear that any further proof was ever produced. In a written opinion dated December 31, 1959, the trial court, on its own motion, dismissed the plaintiff's entire complaint, and this appeal resulted.

In his oral argument to the trial court, as set out in the opinion above mentioned, plaintiff's attorney insisted that defendant Whiteman's tax deed was not a record cloud on the plaintiff's title, that plaintiff was seeking by this action merely to extinguish any adverse interest that Whiteman might be claiming in the property, and that the plaintiff had abandoned any theory of adverse possession on his part for the statutory ten-year period. While counsel was not too articulate, we read his argument to mean that plaintiff's action was to quiet his title to the property in question and not to remove a cloud therefrom, and that he did not need to show that he and his predecessors in title had held the property by adverse possession for the statutory period of ten years. And that is how the argument must have been interpreted by the lower court, because it went to some length in its opinion to point out the distinction between an action to quiet title and one to remove a cloud, in matters of both

---

1. The ten-year statute referred to is Section 55-2-2, ACLA 1949 which provides:

"Within ten years: *Actions to recover real property.* The periods prescribed in section 55-2-1 of this article for the commencement of actions shall be as follows:

"Within ten years actions for the recovery of real property, or for the recovery of the possession thereof; and no action shall be maintained for such recovery unless it shall appear that the plaintiff, his ancestor, predecessor, or grantor was seized or possessed of the premises in question within ten years before the commencement of the action."

pleading and proof. The court then went on to find that this was an action to remove a cloud and that the action must fail because the complaint did not state facts sufficient to disclose the apparent validity of the instrument being attacked as a cloud on the title and its invalidity.

Further, in spite of counsel's insistence that he had abandoned the theory of adverse possession, the court proceeded in its opinion to show that the Alaska ten-year statute of limitations does apply to this case and that under it the plaintiff was required to prove that his possession of the property by himself and his predecessors had been actual, visible, notorious, exclusive, continuous and hostile for ten years, and that this requirement plaintiff's proof had failed to fulfill.

■ There is no doubt that section 56-1-91, ACLA1949 permits two distinct actions—one to quiet title and the other to remove a cloud.[2] The decision as to which remedy to pursue under the facts of a particular case rests with the party bringing the action and not with the court trying the case. That the plaintiff had elected to sue to quiet title is clearly manifested in the allegations of his complaint and in the kind of relief he prayed for.

It may be that the court was confused by the testimony of plaintiff's counsel that the records of the Anchorage Independent School District showed the issuance of a

tax deed by the School District to the defendant Whiteman in 1958, and by paragraph VIII of the complaint in which the plaintiff stated that he was paying money into court "to be disbursed by Court order to the person entitled thereto."[3] However, if there remained any doubt in the mind of the trial court that the action was one to quiet title, it should have been dispelled after the following colloquy between court and counsel:

"The Court: Then the only purpose of the proceeding against Mr. Whiteman is to remove his cloud? A. It's not even a record cloud, your Honor, but it did show up in a title report. It's not a record cloud, but rather than have him sue later—so, essentially, the only purpose of this hearing today is to 'distinguish' [sic] or determine the interest of Mr. Whiteman on those two lots."

■ Since we are holding that this is an action to quiet title, we need to determine next whether the complaint states a claim upon which relief can be granted. While the remedy in a suit to remove a cloud is narrow, because it is directed against a particular instrument, and the complaint thereunder must point specifically to the ground relied upon to establish its invalidity and its menace to the title,[4] this is not true of suits to quiet title. The latter type of action is not aimed at a

2. Fulkerson v. Chisna Min. & Imp. Co., 9 Cir., 1903, 122 F. 782 involving a suit to quiet title under the Alaska statute; O'Hara v. Parker, 1895, 27 Or. 156, 39 P. 1004, 1005 in which the Oregon Supreme Court stated that section 504, Hill's Ann.Laws Or., "is also regarded as governing, wherever applicable, in cases of suit to remove cloud from title." The language of the Oregon statute above mentioned and that used in section 56-1-91, ACLA 1949 is almost identical.

3. The verbatim allegations of paragraph VIII are:
"Plaintiff, pursuant to Section 16-1-131 ACLA 1949, and Section 45, Chapter 174 SLA 1957, herewith pays into court the sum of $———, to be disbursed by Court order to the person entitled thereto."

The statutes referred to in the subject paragraph require generally that any person seeking to determine the validity of a tax sale or to quiet title against such sale or to remove the cloud thereof, or to recover possession of the property, shall pay into the court with the first pleading the amount charged against the property in the judgment of foreclosure, with interest, for the benefit of the holder of the tax title if his title should fail.

4. Castro v. Barry, 1889, 79 Cal. 443, 21 P. 946; Slette v. Review Pub. Co., 1924, 71 Mont. 518, 230 P. 580; Manning v. Gregoire, 97 Or. 394, 191 P. 657, 192 P. 406; Ely v. New Mexico & Arizona R. R., 1889, 129 U.S. 291, 9 S.Ct. 293, 32 L.Ed. 688.

particular instrument, but rather at the pretentions of all individuals claiming adversely. Inquiry is permitted into the whole title of the property in question, the purpose being to enable the plaintiff to quiet his title as against unfounded claims of all nature. The complaint need only set forth in general terms the title of the plaintiff, declare generally that the defendant claims some interest in the property, without defining it, and aver that the claim is without foundation.[5] Under the Alaska statute it is necessary that the complaint also allege that the plaintiff is in possession of the property,[6] for if the plaintiff were not in possession, he would have a plain, speedy and adequate remedy at law by an action in ejectment.[7]

Looking now at the complaint filed in this case, we find that it complies fully with the principles of pleading just discussed, for the plaintiff alleged in substance that: (1) he is the owner of the premises in question; (2) he is in possession; (3) defendant Whiteman claims an interest in the property; (4) the claimed interests of Whiteman are adverse to the plaintiff's interest and are without right. These allegations are followed by a prayer that the court determine the adverse interests of the defendant, hold them for naught and forever bar the defendant from asserting any claim in the premises adverse to the plaintiff.

We further find that the complaint, viewed as a suit to quiet title, satisfies the general requirements for a good pleading as set forth in the Federal Rules of Civil Procedure, 28 U.S.C.A., which were in effect in Alaska at the time the complaint was filed. Those rules set forth that the pleading "shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled."[8] It is specifically stated that each averment of the pleading "shall be simple, concise, and direct" and that no technical forms are required.[9]

We conclude that it was error for the trial court to dismiss the complaint as lacking the essential allegations of a claim in a quiet title proceeding under section 56–1–91 ACLA1949.

The case is reversed and remanded for further action in conformity with this opinion.

5. Cases cited note 4 supra.
6. Section 56–1–91 ACLA 1949.
7. See Elbing v. Hastings, D.C.D.Alaska 1906, 3 Alaska 125, 130, 131.
8. Fed.R.Civ.P. 8(a).
9. Fed.R.Civ.P. 8(e) (1).