Argued March 3, reversed and remanded March 23, 1966

# DOWNEY *v.* TRAVELER'S INN
412 P. 2d 359

*Steve Anderson,* Salem, argued the cause for appellant. With him on the brief was F. P. Stager, Salem.

*Myron L. Enfield,* Salem, argued the cause for respondent. With him on the brief were George A. Rhoten and Rhoten, Rhoten & Speerstra, Salem.

Before McAllister, Chief Justice, and Sloan, Goodwin, Holman and Schwab, Justices.

HOLMAN, J.

Plaintiff brought this action for damages for personal injuries. She claims that the skin of her hands and arms became blistered, cracked, broken out and infected and that such injuries were caused by a cleaning material furnished for her use while employed by defendant. She has appealed from a directed verdict for defendant at the completion of all testimony.

Defendant operated a motel. Plaintiff was employed by defendant for about three months as a cleaning maid. During this time she continuously used a liquid cleaning material furnished by defendant. About a week prior to the termination of her employment the skin of her hands and arms commenced blistering and cracking and became infected. Her physician testified she had contact dermatitis caused, in his opinion, by the use of the cleaning fluid. There was testimony from which it could be found that no gloves were furnished by defendant for plaintiff's use.

Plaintiff pleaded the following sections of the Basic Safety Code for the State of Oregon, which were promulgated under authority of ORS 654.035 by the State Industrial Accident Commission:

6.3 "Special protective * * * apparel required for safe employment * * * shall be furnished by the employer * * *."

6.20 "Employees handling * * * irritating compounds * * * shall wear rubber gloves or other effective hand protection."

Plaintiff pleaded, among others, the following act of negligence by defendant: "In failing to provide plaintiff with personal protective equipment, in that said defendant could have provided rubber gloves * * * or any other hand protection for employee's use." No doubt the allegation of negligence is not a pleading masterpiece, because it alleges only that defendant "could have provided" instead of "failed to provide." Nevertheless, we believe it adequately informed defendant that plaintiff was claiming defendant was negligent in not furnishing plaintiff with rubber gloves for use in handling an irritating compound, i.e., the cleaning material provided by defendant for plaintiff's use as a cleaning maid.

■ Plaintiff contends that the trial court erred in refusing to permit plaintiff to introduce evidence that other persons employed by defendant at the same time and under similar circumstances suffered from skin irritations. When objections to questions seeking to bring out this information were sustained, plaintiff made an offer of proof as follows:

"* * * Had we been allowed to offer testimony by Mrs. Downey [the plaintiff] and Mrs. Thomas * * * we could have offered testimony that they say that other employees of the Traveler's Inn who worked at the same time they did, had the same type of work, used the same type of solution in the same capacity, had irritations on their hands."

The defendant contends that the offer of proof was not adequate because it stated conclusions and was too general rather than being distinct and specific. It

cites as authority for this proposition *Prestbye v. Kliphardt,* 113 Or 59, 231 P 187 (1924), which, in turn, rests its opinion on *Columbia Realty Investment Co. v. Alameda Land Co.,* 87 Or 277, 168 P 64 (1917) reh. den. 168 P 440 (1918), and *Booth-Kelly Lumber Co. v. Williams,* 95 Or 476, 188 P 213 (1920). In *Columbia Realty* the court said:

"* * * In the case at bar no witness was named and the offer of proof was couched in the most general terms. We think that plaintiff should have named its witnesses and specified the acts of interference [with performance of the contract] relied on. * * *" 87 Or at 290.

An excellent statement of the purpose of an offer of proof and the necessity for specificity is set forth in *Booth-Kelly.* The case held that it was not sufficient to read into the record the language of a pleading as an offer of proof. The court said:

"* * * In making an offer of proof it is requisite that counsel should be distinct and clear. The tender should embody the specific fact or facts in such connection and in such terms as to be apprehended and ruled upon in the intended sense by the trial judge, and be examined and applied in the appellate court in the proper light to test the accuracy of the ruling, if adverse. * * *" 95 Or at 483.

■ If the offer of proof involved in this case is examined in light of this purpose, it appears adequate. It called to the court's attention that plaintiff intended to prove by two specific witnesses that other employees of defendant engaged in the same type of work as plaintiff and at the same time, who used the same type of solution in the same capacity, had irritations on their hands. We believe the offer of proof to be sufficiently specific so that the trial judge could,

and this court can, rule on whether the proposed evidence was relevant and admissible. We realize there have been decisions of this court which have imposed highly technical requirements on offers of proof, but if the offer is sufficient to permit the courts to rule intelligently on the propriety of the offered evidence, we believe the offer is sufficient.

Was the evidence relevant and admissible? The obvious purpose of the evidence was to prove that the cleaning compound was irritating so that defendant came within the provisions of the Safety Code and therefore was obligated to furnish plaintiff with protective equipment. Apparently, the trial court kept the evidence out on the basis that the proposed witnesses were not medical witnesses and were, therefore, not competent to determine whether the irritations on the other employees' hands were similar to plaintiff's and were caused by the cleaning fluid.

Even if the skin irritations of the other employees were not similar to those of plaintiff, this would not make the offered testimony inadmissible. The Safety Code requires rubber gloves where workers are using irritating substances. There is no requirement by the Code that the irritations generated by the compound be the same on all persons.

■ In order to make the testimony admissible there was no necessity that an expert medical witness be used to prove that the irritations on the other employees' hands were caused by the cleaning solution. This was a matter that could have been inferred by the jury, without medical testimony, from the evidence that other employees, as well as plaintiff, suffered skin irritations while using the solution in performing the same type of labor at the same time.

In the case of *Reed v. Rosenthal,* 129 Or 203, 276

P 684 (1929), plaintiff requested damages because of a diseased condition on her face which she claimed resulted from the use of unsterile equipment in removing blackheads from skin pores during a beauty treatment. The court held that the jury could find, without expert medical testimony, that the infection of plaintiff's face was caused by the use of unsterilized equipment as described by plaintiff. At page 208 the court said:

"We know of no authority to the effect that the manner or place of the contraction of such a diseased condition, or blood poisoning, such as complained of by plaintiff, cannot be proved, except by expert testimony. * * *"

In the case of *Compton v. Hammond Lumber Co.*, 153 Or 546, 55 P2d 21, 58 P2d 235, cert. denied 299 US 578 (1936), plaintiff sought to recover damages caused by the "itch" which he claimed he contracted while a seaman on defendant's ship. He testified that the ship's cook had a skin condition which appeared similar to that with which he subsequently became afflicted. The court held that the jury could infer from plaintiff's testimony concerning the living conditions of the employees upon the ship that the disease was contracted by plaintiff from the cook. The defendant cites *State v. Ogden,* 39 Or 195, 65 P 449 (1901), and *In re Estate of Cruson,* 189 Or 537, 221 P2d 892 (1950), for the proposition that the offered testimony was inadmissible. These cases held that a non-expert cannot give an opinion on a subject about which he has no knowledge. The cases are therefore not applicable because in this case plaintiff was not offering to introduce opinion evidence. She was offering to prove facts from which the jury could draw an opinion.

■■ In the present case the offered evidence was admissible because the jury could have inferred from it that the cleaning fluid was an irritating substance as described in Section 6.20 of the Basic Safety Code. Error was therefore committed by the trial court in the rejection of the offered testimony. However, the exclusion would not be prejudicial nor justify reversal of the case if the directed verdict were proper even had the rejected evidence been admitted. The stated reason of the trial judge in granting the directed verdict was that it was not foreseeable by defendant that the cleaning compound was an irritating substance.

■ The provisions of the Safety Code have all the force and effect of statutes. *Snyder v. Prairie Logging Co.,* 207 Or 572, 578, 298 P2d 180 (1956) ; *Baldassarre v. West Oregon Lumber Co.,* 193 Or 556, 561, 239 P2d 839 (1952) ; *Varley v. Consolidated Timber Co.,* 172 Or 157, 165, 139 P2d 584 (1943).

■ In *Dimick v. Linnell,* 240 Or 509, 402 P2d 734 (1965), the prerequisites which must be met in an action brought on the theory of the violation of a statutory duty were stated by this court as follows:

"* * * The conditions under which violation of a statute will establish responsibility for injuries as a matter of law are as follows: (1) there must be a causal connection between the conduct which violates the law and the injury; (2) the party seeking to charge the other with violation of the statute must be a member of the class of persons intended to be benefited by the legislation; and (3) the harm which occurred must be the kind the statute was intended to prevent. *Smith v. Portland Traction Co.,* 226 Or 221, 225, 359 P2d 899 (1961)."

It is obvious that plaintiff has introduced or offered to introduce evidence from which the jury could find

that she had complied with these conditions. A violation of the Safety Code establishes negligence as a matter of law. *Arnold v. Gardiner Hill Timber Co.,* 199 Or 517, 523, 263 P2d 403 (1953); *Blaine v. Ross Lumber Co.,* 224 Or 227, 234, 355 P2d 461 (1960); *Oregon Transfer Co. v. Tyee Constr. Co.,* 188 F Supp 647, 650 (D Or 1960); *Kemp v. Utah Constr. & Mining Co.,* 225 F Supp 250, 253 (D Or 1963); *Snyder v. Prairie Logging Co.,* supra at 578.

If there had been evidence from which the jury could have inferred that the cleaning compound was in fact an irritating substance, there was no need, in order to make a jury case, that plaintiff prove that defendant have actual knowledge of this fact or even that in the exercise of reasonable care it should have known of it. It is possible in some limited circumstances to offer evidence in excuse of the violation of a statute or regulation requiring safety equipment. *McConnell v. Herron,* 240 Or 486, 402 P2d 726 (1965). However, the question of liability still remains one for the jury.

█ If the plaintiff had been allowed to introduce the offered evidence from which the jury could have inferred the cleaning compound was an irritating substance, there would have been sufficient evidence to go to the jury. Its exclusion was, therefore, prejudicial error. Under the circumstances it is unnecessary for us to decide whether the evidence of plaintiff's skin difficulty by itself was sufficient evidence to take the case to the jury on the question of whether the cleaning compound was an irritating substance. This would have been a difficult question because plaintiff's physician testified plaintiff's condition might have been an allergic reaction to the compound.

Reversed and remanded for a new trial.