Argued and submitted November 16, 1981, affirmed March 22, 1982

GATEWOOD et al,
*Respondents,*

*v.*

SIMPSON et al,
*Appellants,*

(No. 16-79-10187, CA 19643)

642 P2d 367

Alan L. Ludwick, Springfield, argued the cause and filed the brief for appellants Kerney Simpson, Patricia J. Simpson and Ray C. Swanson.

No appearance by appellant Lois J. Varner.

Henry Bauer, Portland, argued the cause for respondents Edith E. Gatewood, Jackson P. Slater and Audrey G. Slater. With him on the brief was Bauer, Murphy, Winfree & Schaub, P.C., Portland.

Before Richardson, Presiding Judge, and Thornton, Judge, and Fort,* Senior Judge.

FORT, S. J.

---

*Fort, S. J., *vice* Van Hoomissen, J.

## FORT, S. J.

This is a suit to quiet title based upon adverse possession to a strip of land, the record title to which has been, at least since 1950, in the names of the various defendants. Plaintiffs, who since 1926 have owned 80 acres, the north line of which adjoins the disputed strip, claim title by adverse possession. The strip constitutes the southerly portion of land deeded to defendants; and it will form the northerly portion of plaintiffs' land if they are successful in this suit. The trial court entered a decree for plaintiffs quieting title in them to the disputed strip of land. Defendants Simpson and Swanson appeal. Defendant Lois Varner filed a notice of appeal in this court but defaulted by failure to file and serve any brief, and her appeal was dismissed.

Defendant Swanson purchased the Varner property and subsequently sold it to defendants Simpson, who together with Swanson separately appealed from the trial court decree. The answer filed by these defendants was simply a general denial, which stated that they "generally and specially deny each and every allegation of Plaintiff's complaint on file herein."

Lois Varner, surviving widow of defendant W. C. Varner, now deceased, filed a separate answer in which she asserted ownership of the disputed strip during the period from 1950 to 1970, when she sold the fee by land sale contract to Swanson. He completed full payment and received a deed from Varner in April, 1980, after this suit was filed.

At the trial plaintiffs offered substantial evidence that for more than 50 years they and their predecessors in title had continuously and openly asserted exclusive ownership of the strip of land. Their testimony established that plaintiff Gatewood's husband had driven an iron pipe into a stump or snag to mark the northeast corner of the land more than ten years before 1950, and that plaintiffs had always claimed to the pipe and had maintained the corner marker by promptly driving a 3/4 inch pipe in the ground when the stump disintegrated or was removed. The pipe extended several feet above the ground in an otherwise open field. They also fenced by wire, wood and brush

fencing much of the land lying within the strip and also marked by red plastic strips nailed to trees most of the north line claimed by them and identified certain trees along the claimed boundary as witness trees.

■    Because defendant Varner has abandoned her appeal, we will refer to the Simpsons and Swanson hereafter as defendants. They make two contentions. One alleges that plaintiffs' proof does not meet the test of "clear and positive proof" of their adverse possession of the strip of land. We disagree. We find that, together with that of the registered land surveyor called by them, Mr. Peterson, and verified by Mr. Allison, a lifetime neighbor and the contract logger who ran the northern boundary and observed both the line markers and the fences on the property, and particularly the pipe marking the northeast corner put in by Mr. Gatewood, plaintiffs provided the clear and positive evidence which the law requires. *Winthers v. Bertrand,* 239 Or 97, 396 P2d 570 (1964); *Port of Portland v. Maxwell,* 9 Or App 105, 496 P2d 23 (1972). It also established that the adverse possession was open, adverse, notorious and exclusive. *Du Val et ux v. Miller,* 208 Or 176, 300 P2d 416 (1956); *Port of Portland v. Maxwell, supra.* In *Port of Portland* we pointed out that *Rider v. Pottratz,* 246 Or 454, 425 P2d 766 (1967), established "that an intent to claim land actually occupied under a mistaken belief of ownership is sufficient." 9 Or App at 110. We agree with the trial court.

The principal contention urged by defendants is that the court erred in sustaining plaintiffs' objection to any testimony from defendants. In this case defendants had filed only a general denial. After Mr. Simpson had been sworn and stated his name and occupation, plaintiffs objected "to the introduction of testimony on behalf of Defendant Simpson and Swanson" on the ground that they had failed to plead any claim whatever to the property in dispute. The trial court sustained the objection. Defendants made no offer of proof. Rather they then asked leave to file an amended answer, which after argument, was denied. Defendants contend this denial also was error.

The ruling of the trial court was predicated on *Manning v. Gregoire,* 97 Or 394 at 401-02, 191 P 657, 192 P 406 (1920), which, as defendants concede, in a quiet title

suit would "appear to require the Defendant to affirmatively assert their title in the disputed property" in their answer, which defendants clearly failed to do. They urge, however, that ORCP Rule 23(B) in effect sets aside this holding in *Manning v. Gregoire, supra.*

■     It is elementary that in an equity case when an objection to the introduction of *evidence* from a witness is sustained, there must be an offer of proof made by the party if the ruling is to be considered on appeal. In *Hall v. Banta,* 283 Or 387, 389, 583 P2d 1139 (1978), a civil action tried to a jury, the Supreme Court said:

> "Defendant first contends the trial court erred in refusing to allow defendant, the owner of the building, to testify as to his opinion * * *.
>
> "After plaintiffs objection was sustained, defendant made no offer of proof as to what his testimony on this point would be. Therefore, the assignment of error cannot be considered. *Adams v. Spoelstra,* 279 Or 65, 68, 566 P2d 498 (1977)."

Here defendants made no direct offer of proof, but alluded to pleadings filed by defendants Varner in this case and to pleadings filed by Simpson and Swanson in another case as plaintiffs against a defendant who was not a party in this case and which was to be tried later.

    In *Downey v. Traveler's Inn,* 243 Or 206, 412 P2d 359 (1966), the Supreme Court considered matters of specificity as required in offers of proof and said:

> "* * * In *Columbia [R. I. Co. v. Alameda L. Co.,* 87 Or 277, 168 P 64 (1917)], the court said:
>
> " "* * * In the case at bar no witness was named and the offer of proof was couched in the most general terms. We think that plaintiff should have named its witnesses and specified the acts of interference [ with performance of the contract] relied on. * * *' 87 Or at 290.
>
> "An excellent statement of the purpose of an offer of proof and the necessity for specificity is set forth in *Booth-Kelly [Lumber Co. v. Williams,* 95 Or 476, 188 P 213 (1920)]. The case held that it was not sufficient to read into the record the language of a pleading as an offer of proof. The court said:
>
> " "* * * In making an offer of proof it is requisite that counsel should be distinct and clear. The tender should

embody the specific fact or facts in such connection and in such terms as to be apprehended and ruled upon in the intended sense by the trial judge, and be examined and applied in the appellate court in the proper light to test the accuracy of the ruling, if adverse. * * *' 95 Or at 483." 243 Or at 210.

We hold that the reference to other pleadings falls short of the standard required in an offer of proof.[1] Accordingly we do not consider the claimed error.

Finally defendants contend that their motion to amend their answer under ORCP Rule 23 should have been allowed. We disagree. So far as can be gleaned from the transcript, defendants sought to amend their answer either by adopting unspecified portions of the answer of Mrs. Varner or of a pleading they had filed in another lawsuit against a different party. No such pleading was offered, nor were any copies of the pleadings filed in the other lawsuit marked for identification, offered, or otherwise made a part of the record in this case. In 71 CJS 685-86, Pleading § 303 (1951), it states:

"* * * [T]he proposed amendment must be stated at length in open court so as to permit opposing counsel to argue against it, if he so desires, and to give the court a fair opportunity to pass on its merits intelligently * * *.

"* * * * *

"* * * The motion for leave must not be too broad, and a motion to amend generally will be refused. * * *"

*See also Powell v. Powell,* 181 Or 675, 700, 184 P2d 373 (1947).

Defendants, furthermore, do not contend that their claims, if any, to the disputed strip arise other than through Mr. Swanson's acquisition of Mrs. Varner's land. It is clear from the evidence that the prescriptive period of ten years upon which the plaintiffs' adverse possession rests had been completed long before the contract of sale from the Varners to Mr. Swanson. We conclude that the trial court did not abuse its discretion in denying the motion to amend the answer.

Affirmed.

---

[1] *See also* Rule 103(1)(b), Oregon Laws 1981, ch 892, § 4 and § 101.