Argued February 10, affirmed March 9, 1920.

## BOOTH–KELLY LUMBER CO. *v.* WILLIAMS.

### (188 Pac. 213.)

**Sales—Stipulation that Railroad Expense Bill Should Govern Quantity of Cordwood was Binding.**

1. Stipulation in contract that actual measurements of wood as shown by railroad expense bill were to govern the quantity of wood delivered to buyer was not subject to revocation by either party, and measurements made pursuant thereto and evidenced by expense bill of the railroad company, in the absence of fraud, or of such palpable mistake as would imply bad faith or a failure to exercise an honest judgment, are binding upon the parties to the contract.

**Trial—Offer of Proof was Too General.**

2. Offer to prove that plaintiff, with the purpose and intent of cheating, wronging, defrauding and overreaching defendant, loaded each car of cordwood delivered to defendant in a loose, criss-cross manner, etc., followed by reading all of the formal allegations of the answer as to fraud of plaintiff in piling the wood, was properly rejected; the evidentiary facts not being set forth.

**Appeal and Error—Exclusion of Evidence not Reviewable Where Record Does not Show Evidence Expected.**

3. Where it does not appear from the record what the offer of proof was, nor how the witness would have answered if permitted to do so, it will not be held on appeal that there was error in exclusion.

**Trial—Exact Language .of Requests Need not be Embodied in Instructions Given.**

4. In suit involving question whether defendant received the number of cords of wood with which he was charged, where the court described a cord of wood to the jury in accordance with the statutory definition (Laws 1913, c. 325), defendant cannot complain that the charge is not in the exact language requested.

**Interest—Stipulation as to Interest on Account Enforceable.**

5. Where, under contract for sale and delivery of cordwood, it was stipulated that a certain amount was owing by defendant on account of prior transactions, and that interest should accrue on such amount from date of contract, contention that amount was part of an open, mutual, running account, and therefore should not be subject to interest, cannot be sustained.

**Evidence—Defendant has Burden of Proving Specific Defense in Nature of Setoff.**

6. The claim of defendant that he returned or left on the yards a certain number of cords of wood, with which his account should be credited, is in the nature of an offset or payment, and the court, after plaintiff had made out a *prima facie* case, properly charged the jury that defendant had the burden of providing his specific defense.

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 2.

This is an action to recover a balance stipulated to be due and to recover the agreed purchase price of certain wood under the terms of a contract. The cause was tried before the court and a jury and a verdict rendered in favor of plaintiff for the sum of $2,170.83. From a resulting judgment defendant appeals.

The contract relates to transactions between plaintiff and defendant in the wood business and covers a period from April 30, 1915, to September 30, 1916. It stipulates that on April 30, 1915, on account of prior transactions, there was due from defendant to plaintiff the sum of $1,359.97, upon which interest should accrue from that date at the rate of 6 per cent per annum. It is also agreed thereby that on the same date there was on certain yards under the defendant's control 2,301⅛ cords of wood previously delivered; and the contract also provides for future delivery of wood at $2.25 a cord, F. O. B. cars at Eugene. By the terms of the contract all wood on the yards unsold when the contract was terminated should be taken over by the plaintiff and credited to the defendant at $2.65 a cord. The contract provides that—

"The actual railroad measurements of the wood delivered to the party of the second part as shown by the railroad expense bill shall govern the quantity of wood delivered."

The complaint sets forth the contract at length and the different items of debit and credit between the parties, of which the following is a summary:

### Debits.

| | |
|---|---:|
| Balance shown by statement of April 30, 1915 | $ 1,358.97 |
| Wood on yard April 30, 1915, 2,301⅛ cords @ $2.25 | 5,177.53 |
| Wood delivered afterwards 4,617.34 cords @$2.25 | 10,388.99 |
| Freight and demurrage charges | 34.57 |
| Total | $16,960.06 |

Credits.

| | |
|---|---|
| Cash | $1,206.01 |
| Hauling | 39.69 |
| Freight paid | 164.01 |
| Commissions | 2.89 |
| Cash received from sales of wood | 9,356.72 |
| Wood on yard September 30, 1916, 1,591.03 cords | 4,216.91 |
| Total | $14,986.23 |

Leaving a balance due from defendant to plaintiff under the contract of......... $1,977.83 —together with interest on $1,358.97 thereof from April 30, 1915, at the rate of 6 per cent per annum.

The defendant answered, admitting the execution of the contract, the amount due April 30, 1915, and the number of cords of wood on the yard at that date, and admitting the credits allowed by defendant, and except as admitted denies the allegations of the complaint. Further answering, the defendant avers, in effect, that immediately subsequent to the execution of the contract plaintiff, with the purpose and intent of defrauding defendant and of securing from him payment for more wood than should be actually furnished under the contract, and with the purpose and result of thereby procuring from the railroad company as a basis of plaintiff's charges to defendant a wrongful, erroneous, and grossly excessive measurement of the wood upon each car delivered to defendant, and contrary to the terms of the contract, loaded "each car of wood in a loose, criss-cross, irregular, poor, and improper and unworkmanlike manner, in such a way and to the end and with the result that the same when loaded would and did, as to outward dimensions and appearance, apparently contain and measure more cords of wood than the same actually did contain"; and that plaintiff over-

charged defendant "approximately" one and one-half cords of wood upon each of the cars delivered to him under the contract. The defendant, as an affirmative defense, further pleaded that on September 30, 1916, when the contract was terminated, there was on the yards mentioned 2,299.07 cords of wood, with which the plaintiff failed to credit plaintiff's account at the agreed price of $2.65 per cord. The reply put in issue the new matter of the answer.    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Fred E. Smith.*

For respondent there was a brief over the name of *Messrs. Smith & Bryson,* with an oral argument by *Mr. E. R. Bryson.*

BEAN, J.—The bill of exceptions discloses that plaintiff, upon the trial of the cause, introduced evidence tending to support the allegations of the complaint. Error is predicated upon the following rulings upon the evidence: Mr. Williams, the defendant, as a witness in his own behalf, having stated that he saw the cars of wood shipped to him by plaintiff was interrogated as follows: "Q. Describe to the jury the sort of cars they were loaded on and how they came in?" Objection was made to the question by counsel for plaintiff as incompetent and not within the issues, and for the additional reason that under the contract the defendant was bound by the measurements of the railroad company as shown by the expense bills. The court sustained the objection and defendant saved an exception, whereupon in support of defendant's special defense of fraud counsel for defendant stated, in substance as follows: The defendant offers to prove that immediately subsequent to the execution of the contract

the plaintiff, with the purpose and intent of cheating, wronging, defrauding, and overreaching the defendant, loaded each car of wood delivered and charged to defendant ''in a loose, criss-cross, irregular, poor, and improper and unworkmanlike manner, in such a way and to the end and with the result that * * this plaintiff has wrongfully, fraudulently, intentionally, and knowingly overcharged defendant approximately one and one-half cords of wood upon each and every car delivered him under said contract''; and continued reading all of the formal allegations of the answer as to the fraud of plaintiff in piling the wood as such tender of proof. The offer was denied and the defendant saved an exception. The record then shows the following:

''It is stipulated that the witness Hollis Moody is deemed to have been called, asked as to whether or not in making measurements he took into consideration the manner in which the wood was piled upon the car; objection made; the testimony excluded and offer of proof made; that the same was denied, to which ruling defendant excepted.''

It is the position of plaintiff that the answer fails to allege any error on the part of the railroad company in measuring the wood.

The most that can be said in regard to the allegations of the special defense is that it is averred that the wood was irregularly piled and as a result plaintiff overcharged the defendant. Whether the person making the measurements inadvertently overlooked the spaces between the wood, or fraudulently or carelessly made an erroneous computation of the amount of wood on the several cars, does not appear by the pleading. There is no allegation that the measurer was deceived by the manner in which the wood was piled on the cars, or that

95 Or.—31

he failed to exercise his honest judgment in ascertaining the quantity of wood. The alleged defect in the piling must have been apparent to the measurer.

1. By the terms of the contract the actual measurements of the wood as shown by the railroad expense bill were to govern the quantities of wood delivered to defendant. In a sense the measurer of the wood on the cars was made an arbiter of the parties to the contract, as to the amount of the wood delivered. Such a stipulation is not subject to revocation by either party, and measurements made pursuant to such a contract and evidenced by expense bills of the railroad company, in the absence of fraud or of such palpable mistake as would imply bad faith, or a failure to exercise an honest judgment, are binding upon the parties to the contract. In short, such measurements so represented are *prima facie* correct and binding: *Sweeney* v. *Jackson Co.,* 93 Or. 96 (178 Pac. 365, 371) ; *Mundy et al.* v. *Louisville & N. R. Co.,* 67 Fed. 633, 637 (14 C. C. A. 583) ; *United States* v. *Hurley,* 182 Fed. 776 (105 C. C. A. 208) ; *Railroad* v. *Central Lbr. etc Co.,* 95 Tenn. 538 (32 S. W. 635) ; 6 R. C. L., p. 964, § 341.

It was incumbent upon the defendant, in order to impeach the measurements of the wood by the railroad company, to prove that the same were fraudulent or grossly erroneous. The pleading of the defendant should show how the result claimed was reached and not merely allege the result as a conclusion.

2. Passing the question of pleading, however, the evidence tendered and rejected was not sufficient to overcome the force of the expense bills. The objection to the competency of the question having been sustained, counsel for defendant read into the record the language of his pleading as an offer of proof. The tender of proof was properly rejected. It was too gen-

eral.   The evidentiary facts were not set out.   It does
not appear by whom the defendant expected to prove
the allegations, whether by the witness then on the
stand or others.   In making an offer of proof it is
requisite that counsel should be distinct and clear.
The tender should embody the specific fact or facts in
such connection and in such terms as to be apprehended
and ruled upon in the intended sense by the trial judge,
and be examined and applied in the appellate court in
the proper light to test the accuracy of the ruling, if
adverse.   A mere general proposition, to in so many
words prove the averments of a pleading, is not one
that the court is bound to take into consideration and
rule upon as a tender of proof: 9 Ency. of Evidence,
165; *Columbia R. I. Co.* v. *Alameda L. Co.,* 87 Or. 277,
296 (168 Pac. 440, 441), where Mr. Justice McCamant
says:

"An offer of proof should state facts rather than
conclusions.   Its language should be not vague, but
distinct; not general, but specific.   It is not sufficient
that it state the ultimate facts in language appropriate
to a pleading; the evidentiary facts must be set out."

See *Harmon* v. *Decker,* 41 Or. 587, 592 (68 Pac. 11,
1111, 93 Am. St. Rep. 748).

3. It was stipulated that the witness Hollis Moody
was deemed to have been called and asked whether or
not in making measurements he took into consideration
the manner in which the wood was piled upon the car;
that objection was made, the testimony excluded, and
offer of proof made.   It does not appear from the rec-
ord what the offer of proof was nor how the witness
would have answered if permitted to do so; that is,
whether he made an allowance for the loose manner
in which the wood was alleged to have been piled and
made a correct measurement of the wood or otherwise.

The court cannot determine whether any testimony favorable to defendant was excluded or not: *Hill* v. *McCrow*, 88 Or. 299, 309 (170 Pac. 306). Error will not be presumed. The burden developed upon the defendant to show that the testimony offered was admissible and that he was prejudiced by its exclusion. No prejudicial error appears by reason of the exclusion of the testimony tendered.

4. Defendant's counsel requested several instructions to the jury in conformity with defendant's theory of the case. With reference to the first five requests, it is contended that Chapter 325, General Laws of Oregon 1913, defines a cord of wood and is a penal statute; that this law was a part of the contract; and that it was incumbent upon the plaintiff under the contract to furnish defendant a legal cord of wood for each one charged. The court described a cord of wood to the jury in accordance with the statutory definition. While the charge is not in the exact language requested, defendant has no cause for complaint in this regard.

The testimony is not all contained in the record; but the bill of exceptions discloses that it tended to show, and the jury found, that pursuant to the contract the plaintiff furnished and delivered to defendant the wood charged in the complaint in accordance with the measurement defined by law.

5. Error is claimed by reason of the allowance of interest upon the $1,358.97 stipulated to be due from defendant to plaintiff on April 30, 1915. It is claimed that this amount is a part of an open, mutual, running account. Therefore it should not be subject to interest. It is plainly stipulated by the contract that the amount then due should bear interest at the rate of 6 per cent per annum from date until paid. It was perfectly competent for the parties to so agree in writing. A prom-

issory note would not have been of any more binding force. It is alleged and shown that that amount was due from defendant to plaintiff and unpaid at all times after making the contract until suit. There was no error in allowing such interest.

Defendant, as a special defense, alleged that there were 2,299.07 cords of wood on the yards when the contract terminated September 30, 1916, with which plaintiff failed to credit defendant. The defendant admitted the delivery of the number of cars of wood and that the railroad expense bills showed the number of cords as claimed by plaintiff. Over the objection and exception of defendant, the court charged the jury that it was incumbent upon the defendant to prove the allegations of his affirmative answer. Defendant assigns such instruction as error.

6. The claim of defendant, that he returned or left on the yards 2,299.07 cords of wood, with which his account should be credited, is in the nature of an offset or payment, and the court, after plaintiff had made out a *prima facie* case, properly charged the jury that the burden was upon the defendant to prove his special defense. There was no prejudicial error in giving such instruction. The question of how much wood remained upon the yards on September 30, 1916, was carefully submitted to the jury by a special verdict. The jury found there was no more wood on the yards than credited by plaintiff to defendant's account.

The trial court explained to the jury the several provisions of the contract and the issues made by the pleading, and charged the jury to find the facts in accordance with the evidence "and not upon passion and prejudice"; also "that a corporation and an individual in a lawsuit stand upon a basis of absolute equality."

We have carefully read the entire charge, and approve the same. The requested instructions of the defendant, in so far as they should have been given, were in substance embodied in the charge given to the jury.

There is a claim made by defendant that the wood on hand when the contract took effect April 30, 1915, was wrongfully charged the second time. A careful examination of the matter shows that such is not the case. The jury was particularly qualified to pass upon the matter of piling and measuring the wood, and we think they fairly did so.

Finding no error in the record, the judgment of the lower court is affirmed.                    AFFIRMED.

McBRIDE, C. J., and JOHNS and BENNETT, JJ., concur.