Argued June 5, reversed and remanded June 19, petition for
rehearing denied July 23, 1963

# BLAIR *v.* UNITED FINANCE COMPANY

383 P. 2d 72

*Denton G. Burdick, Jr.,* Portland, argued the cause for appellant. On the briefs were Hutchinson, Schwab & Burdick, Portland.

*Warde H. Erwin,* Portland, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN, and LUSK, Justices.

GOODWIN, J.

This is the third in a series of appeals generated by the repossession of a truck in 1952. Unfortunately, it may not be the last.

The background facts may be found in *Berry v. Blair,* 209 Or 15, 303 P2d 944 (1956). In that case, judgment against Blair for the conversion of Berry's truck was affirmed. Blair paid that judgment and sued United Finance Co. for indemnity. Blair claimed that he was acting as an agent of United when he incurred the liability to Berry. Blair appealed from a judgment for United on a nonsuit. We reversed, holding that there was enough evidence to make out a jury question on the issue of agency. *Blair v. United Finance Co.,* 228 Or 632, 365 P2d 1077 (1961).

On the remand, the case was tried to a jury. United offered to prove that even if Blair was its agent, which was denied, he had ample opportunity to avoid creating the liability to Berry.

United also claims Blair was acting upon his own account or for third parties when he refused to let

Berry redeem the truck. There was a jury question whether Berry ever made an effective offer to redeem. It was United's theory that, within the scope of any agency that existed, Blair should have collected the money due United and released the truck to Berry. Instead, United says, Blair turned the truck over to other creditors of Berry. This contention also presented a jury question.

The defendants now appeal from a judgment for Blair, assigning error, *inter alia,* to a refusal to give a requested instruction on the law of avoidable damages. The trial court did instruct, in a general way, upon the somewhat related but separate rule that a principal need not indemnify an agent who incurred the loss while acting outside or contrary to his authority. See Restatement, Agency 2d, § 440.

The general rule that a plaintiff cannot recover damages for losses that he could have avoided by reasonable conduct on his part is usually referred to as the doctrine of avoidable consequences. The defense is somewhat akin to the tort doctrine of contributory negligence, but need not be affirmatively alleged. See *Dippold et al v. Cathlamet Timber Co.,* 111 Or 199, 208, 225 P 202 (1924). Evidence that a plaintiff reasonably could have avoided all or part of the damages is admissible under the general issue. McCormick, Damages 127, § 33 (Hornbook series).

It was error to refuse to submit to the jury the defendant's theory of the case. In addition to the jury questions on the existence of agency and the scope thereof, there was equally a jury question on the defendant's theory of avoidable consequences. If, at the time the liability-creating events occurred, Blair reasonably could have avoided all or a part of the damages, then he cannot look to United for indemnity

for such damages as were reasonably avoidable. A principal is entitled to prove, if he can, that the agent seeking indemnity could have avoided the loss, either by following such instructions as may have been given by the principal, or by acting reasonably in all the circumstances in the absence of special instructions. The jury was entitled to pass upon all the facts. The requested instruction should have been given.

Reversed and remanded.