Argued January 10, reversed and remanded February 26, 1969

DONAHOE, *Respondent, v.* EUGENE
PLANING MILL, *Appellant.*
450 P. 2d 762

*Joe B. Richards,* Eugene, argued the cause for appellant. With him on the briefs were Luvaas, Cobb, Richards & Fraser, Eugene.

*Helen J. Frye,* Eugene, argued the cause for respondent. With her on the brief were Husband, Johnson & Frye, Eugene.

Before SLOAN, Presiding Justice, and GOODWIN and HOLMAN, Justices.

SLOAN, J.

Plaintiff's complaint alleged that prior to June 1, 1966, he had been employed by defendant as a plumber and for other work. He claimed that from January 1, 1963 until the above date he expended over 2,000 hours of labor for which he was not paid the agreed rate of $5.50 per hour. By an amended answer defendant attempted to allege an affirmative defense of estoppel. The trial court sustained a demurrer to this plea. The case went to trial on a denial. The jury awarded plaintiff a verdict. Defendant assigns several claims of error. We think the court erred in sustaining the demurrer.

The estoppel pleading alleged as follows:

"Plaintiff submitted weekly statements for his services and failed to include any additional charges for the weekly hours specified in plaintiff's Complaint, and thereby falsely represented, with knowledge of the fact, and caused the defendant to believe, that payment of the weekly statements submitted by plaintiff was payment in full for all services performed by plaintiff. Defendant was not aware that plaintiff was making added charges and thereby relied on plaintiff's conduct and changed its position by not inquiring of plaintiff whether plaintiff had additional demands for money payments for services rendered. Plaintiff intended that defendant rely and act upon plaintiff's representations."

■ This is not a model pleading but perfection is not required. *Perkins v. Standard Oil Co.*, 1963, 235 Or 7, at 19; 383 P2d 107 at 113:

"The purpose of requiring an exchange of pleadings is not to produce perfection in the statement of the issue but only to bring forth into the light the points that are in dispute. When those points are sufficiently revealed so that the opponent is apprized of what he must meet and the trial judge is given sufficient information so that he can rule advisedly during the progress of the trial, the pleadings have performed their function."

■■ A plea of estoppel must allege the essential facts. *Reed v. Commercial Ins. Co.*, 1967, 248 Or 152, 432 P2d 691. The essential facts necessary to be alleged must include all of the following elements of estoppel:

" 'To constitute an equitable estoppel, or estoppel by conduct, (1) there must be a false representation; (2), it must be made with knowledge of the facts; (3) the other party must have been ignorant of the truth; (4) it must have been made with the intention that it should be acted upon by the other party; and (5) the other party must have been induced to act upon it. * * *' " *Earls et ux v. Clarke et al*, 1960, 223 Or 527, 530-531, 355 P2d 213.

There is frequently a fine line dividing a pleading containing allegations of essential facts and one that fails to do so. Although the allegations here allege only the barest of essentials, we think it does meet the requirements specified in *Perkins v. Standard Oil Co., supra.* An examination of the pleading shows that there was: 1. a false representation; 2. plaintiff was aware of the falsity; 3. defendant's ignorance of plaintiff's claims of unpaid wages; 4. that plaintiff in-

tended defendant would rely on its ignorance and would believe that the payment of the claims for wages plaintiff had submitted to defendant during the period of employment were in full payment for all of the services rendered and would act accordingly; and, 5. that defendant had acted upon and changed its position by reason of plaintiff's conduct.

■ Plaintiff cannot claim that the pleading did not inform him of the true nature of the defense or that the pleading would have misled him in preparing his evidence to refute the pleading. The trial court could have ruled advisedly on any issue that may have developed during the progress of the trial. The demurrer should not have been sustained. A new trial will eliminate the other claims of error.

Reversed and remanded for a new trial.