Argued and submitted September 21, reversed and remanded for further
proceedings November 10, reconsideration denied December 23, 1982,
petition for review denied February 2, 1983 (294 Or 491)

## GORGE LEASING COMPANY,
*Respondent,*
*v.*
## HANNA,
*Appellant.*

### (No. 44194, CA A23950)

653 P2d 578

Robert T. Scherzer, Portland, argued the cause and filed the brief for appellant.

Jan D. Sokol, Portland, argued the cause for respondent. With him on the brief was Kobin & Meyer, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This appeal arises from an action for breach of a lease agreement. In his answer defendant alleged, *inter alia,* five affirmative defenses. The trial court granted summary judgment for plaintiff, and defendant appeals. Because we agree with defendant that one of his affirmative defenses raises a genuine issue of material fact, we reverse and remand for further proceedings.

In 1977, plaintiff as lessor and William Fleischer as lessee entered into a lease for commercial space. The lease provided that the tenant could not assign the lease without plaintiff's written consent. In August, 1979, Fleischer assigned all his rights and interests under the lease to defendant. By written instrument, plaintiff consented to the assignment and released Fleischer from all future obligations arising under the lease.

Defendant remained in possession of the leasehold until April, 1980, when he decided to sell his business assets and assign his interest in the lease to Vinton Heuck. Around that time, defendant and plaintiff's president, John Cheney, had a series of telephone conversations concerning the proposed assignment. Defendant and Heuck thereafter executed two documents, labelled "Assignment of Lease" and "Acceptance of Lease," and transmitted them to Cheney along with a third, unexecuted document entitled "Consent to Assignment."[1] Defendant heard nothing further from plaintiff about the assignment. Heuck went into possession of the premises and paid rent to plaintiff until November, 1980, when he missed the payment due on the first of that month. Heuck's failure to pay the November rent started a series of personal and telephone contacts between plaintiff and its agent (Hotel Management Company) and defendant, his attorney and his brother.

Although both sides professed a common goal—cure of the default—no resolution occurred. By a letter dated November 19, 1980, plaintiff notified Heuck that he was in default and demanded payment of $599 by November 25 "in order to preserve the Lease Agreement." Plaintiff also sent a copy of this letter to defendant.

---

[1] The three documents were identical in form and substance to the documents used to effect the lease assignment from Fleischer to defendant.

Neither Heuck nor defendant responded with the money.[2] In early December, Heuck vacated the premises. Plaintiff then instituted this lawsuit against defendant for past-due rent and other damages resulting from defendant's alleged breach of the lease agreement. Defendant's amended answer asserted five affirmative defenses. Four of the defenses contended that various acts and omissions by plaintiff operated to release defendant from his obligations under the lease; a fifth raised a defense of equitable estoppel. Plaintiff moved for summary judgment, the trial judge granted the motion, and this appeal followed.

Defendant asserts that the trial court erred (1) in granting a summary judgment; (2) in finding that plaintiff had not released defendant from liability under the lease; (3) in failing to find that plaintiff was estopped to deny that it had released defendant from the lease agreement; and (4) in failing to allow defendant to cure the alleged breach. Viewed together, the arguments supporting assignments of error (1) and (3) persuade us that the trial court erred in granting a summary judgment.[3]

■    In order to obtain a summary judgment, the moving party must show that no genuine dispute exists as to any material fact and that the party is entitled to judgment as a matter of law. ORCP 47(C). The moving party has the burden of proof, even as to issues that, if the case were tried, would require that the burden be placed on the party opposing the motion. *See Seeborg v. General Motors Corporation,* 284 Or 695, 588 P2d 1100 (1978). The moving party bears the burden to show an *absence* of factual dispute even with regard to affirmative defenses. We review the record in the light most favorable to the party opposing the motion, and we give that party the benefit of all inferences that can reasonably be drawn from the pleadings,

---

[2] Defendant states that he desired to cure the default by paying the amounts due under the lease but did not do so because plaintiff's agent demanded "additional assurances" from the outset of their discussions. The "assurances" were a variety of payments and deposits not required by the terms of the lease. Plaintiff now takes the position that mere payment by defendant in a timely manner would have cured the default.

[3] Defendant's other affirmative defenses did not raise genuine issues as to material facts and did not negate plaintiff's entitlement to judgment as a matter of law. His corresponding assignments of error, assignments (2) and (4), therefore do not require discussion.

depositions, and affidavits. *Stanfield v. Laccoarce,* 288 Or 659, 607 P2d 177 (1980); *Seeborg v. General Motors Corporation, supra; Snyder v. Pynn,* 50 Or App 449, 623 P2d 1090 (1981).

Under these principles, we examine defendant's equitable estoppel defense. Defendant's evidence is that when he first considered selling his business and assigning his lease to Heuck, he contacted Cheney by telephone to explain and discuss his plans. In the course of those telephone conversations, defendant and Cheney reached an oral agreement that (1) they would use the same forms Fleischer had used to assign his interest to defendant, (2) plaintiff would accept the assignment, and (3) defendant would be released from all obligations under the lease agreement. Defendant had the documents prepared, he and Heuck executed them, and defendant forwarded them to Cheney. Cheney never returned the forms to defendant, and defendant never again inquired about plaintiff's receipt or treatment of the forms. Plaintiff never informed defendant of its decisions not to consent to the assignment and not to release defendant. Defendant assumed that he was released. Acting on that assumption, defendant concluded his deal with Heuck on terms that would not have been acceptable to him had he known that plaintiff was not, in fact, going to consent and release him from the lease.

■ ■ Defendant argued to the trial court that Cheney's oral representations, when followed by defendant's actions in reliance on them, estopped plaintiff to deny that it had released defendant from the lease agreement.[4] During its

---

[4] Defendant pleaded his equitable estoppel defense in an extremely sketchy manner. In *Donahoe v. Eugene Planing Mill,* 252 Or 543, 545, 450 P2d 762 (1969), the court stated:

"A plea of estoppel must allege the essential facts. * * * The essential facts * * * must include all of the following elements of estoppel:

"* * * (1) there must be a false representation; (2) it must be made with knowledge of the facts; (3) the other party must have been ignorant of the truth; (4) it must have been made with the intention that it should be acted upon by the other party; and (5) the other party must have been induced to act upon it. * * *" 252 Or at 545.

Defendant's amended answer in this case pleaded essential facts to show only a false representation and reliance:

deliberations on plaintiff's motion for summary judgment, the trial court had before it defendant's affidavit and deposition and Cheney's affidavit. Defendant's affidavit states that he and Cheney "agreed that * * * I would be released from liability on the lease." His deposition states that during these conversations "* * * Mr. Cheney * * * agreed to the consent." Cheney's affidavit, on the other hand, states, "I did not execute the consent to assignment which had been furnished to me by Mr. Hanna, nor did I release Mr. Hanna from an obligation arising under the lease."

Cheney's affidavit denies *execution* of the consent and release forms instead of expressly controverting defendant's assertion of an oral agreement to consent and release. Nonetheless, the clear thrust of plaintiff's argument throughout the summary judgment proceedings and on appeal has been that it never agreed in any way to release defendant. Viewed in the light most favorable to defendant, there is at least a conflict between plaintiff and defendant as to whether plaintiff agreed orally to consent to the assignment and to release defendant from his obligations under the lease, if that oral agreement is not an established fact.

■    The purported oral agreement is material, because it is central to an estoppel argument that, if proved at trial, would block plaintiff's recovery under the lease. Defendant is entitled to an opportunity to prove the existence of such an agreement and to develop his estoppel defense based on

---

"Plaintiff is estopped to deny that it released defendant from the subject lease because plaintiff promised to release defendant from the subject lease and defendant, to his detriment, acted in reliance upon plaintiff's promise and sold a business located at the subject premises to a third party upon terms not otherwise acceptable."

However, plaintiff does not attack defendant's estoppel argument for failure to plead sufficient facts with regard to the other three elements, and the cases following *Donahoe* have found pleadings of estoppel sufficient if the pleadings included "facts which indicate that the opposite party should not be permitted to avail itself of a particular fact, or act, or omission, * * *." *Holmes v. Morgan,* 10 Or App 242, 247-48, 498 P2d 830 (1972); *see also Lyden v. Goldberg,* 260 Or 301, 307, 490 P2d 181 (1971); *Hess v. Seeger,* 55 Or App 746, 760, 641 P2d 23 (1982). Under this standard, and in the absence of an attack by plaintiff, we treat defendant's pleading as adequate.

that agreement. An issue of material fact exists.[5] The trial court therefore erred in granting plaintiff's motion for summary judgment.

Reversed and remanded for further proceedings.

---

[5] Plaintiff argues that, inasmuch as the lease agreement provided that consent had to be *in writing*, defendant could not prevail. *See Wash. Sq. v. First Lady Beauty Salon*, 290 Or 753, 761, 625 P2d 1311 (1981); ORS 41.580(5) (the Statute of Frauds). Assuming that the issue is thus properly framed, we think it clear that a party to a lease requiring that all consents and releases be in writing *can* be estopped to asserting that language or the Statute of Frauds. *See Davidson v. Wyatt*, 289 Or 47, 50-58, 609 P2d 1298 (1980); *United Farm Agency v. McFarland*, 243 Or 124, 129-131, 411 P2d 1017 (1966); *compare Bash v. Fir Grove Cemeteries, Co.*, 282 Or 677, 581 P2d 75 (1978) (estoppel may not be used to avoid controlling statutory provision).