Argued and submitted May 27, reversed and remanded December 7, 1983

THUNDERBIRD ELECTRIC & PLUMBING
SUPPLY, LTD.,
*Respondent,*

*v.*

ALLIED FOREST PRODUCTS, INC.,
*Appellant.*

(A8109-05855; CA A26007)

672 P2d 1217

Nancie Potter Arellano, Portland, argued the cause for appellant. With her on the briefs were Ridgway K. Foley, Jr., and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Randall L. Dunn, Portland, argued the cause for respondent. With him on the brief was Keane, Harper, Pearlman & Copeland, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a civil action in which plaintiff, a Canadian corporation, seeks money damages for breach of an indemnity provision in a consulting services contract. In its answer, defendant admitted the the contract but raised affirmative defenses of waiver, estoppel, failure to mitigate damages and breach of contract. Both parties moved for summary judgment and filed supporting affidavits. The trial court awarded summary judgment to plaintiff. Defendant appeals. We reverse.

The indemnity agreement was entered into in July, 1976.[1] It provides that defendant will perform certain consulting services for plaintiff over the following four years. Paragraph six of the agreement deals with indemnity. The first sentence recites that the parties believe that the services to be performed by defendant, an American corporation, are exempt from non-resident taxation by the Canadian government.[2] The second provides that defendant will indemnify plaintiff against any and all losses if, despite the parties' understanding, the non-resident tax is levied against plaintiff's payments to defendant. In the present case, plaintiff did not, in fact, use defendant's consulting services to any significant degree, although some minimal services were performed for plaintiff by defendant in the United States. Plaintiff did not withhold the non-resident tax from its payments to defendant under the consulting agreement.

On March 31, 1981, after the agreement had expired, Revenue Canada, Canada's tax-collecting entity, issued to plaintiff a formal notice of non-resident tax for each of the years in which payments were made to defendant. Plaintiff's accountants had previously discussed the assessment with Revenue Canada. They reported in a letter to plaintiff that the assessment was "based on [Revenue Canada's] assumption that no services were performed [by defendant]." The letter went on to say:

---

[1] The original parties were plaintiff and defendant's predecessor company, Columbia Corporation.

[2] The Canadian Income Tax Act imposes a tax on certain payments made by Canadian nationals to non-residents. Although the tax is to be collected and remitted by the Canadian national, it is actually a tax on the Canadian earnings of the non-resident. Section 212(4)(a) of the act exempts from taxation payments to non-residents for certain services actually performed.

"* * * In discussions with you, we understand that beyond a couple of informal meetings with a representative of [defendant], no services were in fact performed. Consequently, it appears as if it would be futile to pursue this matter further. We recommend that you pay the reassessment from [Revenue Canada] and attempt to recover the amounts from [defendant] pursuant to Article 6 of the [consulting] agreement."

Plaintiff sent a copy of the assessment to defendant, together with information concerning the deadline for filing an objection to the assessment. Defendant immediately advised plaintiff that it did intend to protest. Plaintiff, through its solicitors, then advised Revenue Canada to reject any such protest, stating:

"* * * We understand that notice of objection have been filed * * * in respect of these assessments by [defendant] on behalf of our client.

"Our client has made payment * * * in accordance with the terms of the notices of assessment and has not filed notices of objection with respect to those assessments, and we are writing to advise that [defendant] is not authorized to act on behalf of [plaintiff] in respect of filing any notices of objection concerning those assessments."

Revenue Canada refused to consider defendant's protest of the assessment.

After voluntarily paying the assessment, plaintiff turned to defendant for reimbursement. Defendant refused to pay. The present lawsuit followed.

Defendant mounts a variety of attacks on the trial court's decision. We need consider only one. It argues that the trial court erred in granting summary judgment because there remain genuine issues as to material fact. Summary judgment is available only if no material fact issue remains. ORCP 47(C); *Seeborg v. General Motors Corporation*, 284 Or 695, 588 P2d 1100 (1978).

Defendant maintains that plaintiff's intentional interference with its ability to protest the assessment by Revenue Canada raises an issue as to plaintiff's good faith, *i.e.*, an issue of breach of plaintiff's implied undertaking of good faith and fair dealing. *See Bear Creek v. Hopkins*, 53 Or App 212, 631 P2d 808, *rev den* 292 Or 108 (1981). Plaintiff was under a good faith obligation to minimize defendant's

damages. *Blair v. United Finance Co.,* 235 Or 89, 92, 383 P2d 72, (1963). A trier of fact in the present case could reasonably infer that, by preventing a protest to Revenue Canada, plaintiff was in breach of that good faith obligation. Although plaintiff's actions may have been based entirely on the advice of its accountants and solicitors, the opposite inference may also be drawn from the evidence. Summary judgment was inappropriate. *See Gorge Leasing Co. v. Hanna,* 60 Or App 272, 653 P2d 578 (1982).

Reversed and remanded.[3]

---

[3] Defendant argues that it, instead, should have been awarded summary judgment. We disagree. We conclude that both parties should be put to their proof.