Argued and submitted October 17, 1988, affirmed June 14, 1989

GOODALE et al,
*Respondents,*

*v.*

LACHOWSKI,
*Appellant.*

(A8702-01082; CA A47306)

775 P2d 888

Edward Murphy, Jr., Portland, argued the cause for appellant. On the briefs were Douglas G. Pickett, and Hanna, Murphy, Jensen & Holloway, P.C., Portland.

William E. Hurley, Portland, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Defendant appeals the trial court's denial of his motions for a directed verdict and for judgment notwithstanding the verdict. The issue is whether the trial court was correct in allowing the jury to award punitive damages when the only other relief sought and received by plaintiffs was an accounting. We affirm.

For approximately 20 years, plaintiffs and defendant operated a court reporting service together. By agreement of the parties, each rendered services as a court reporter and billed his services as Goodale, Friedsam and Lachowski. Defendant received 75 percent of his collected billings, and the remaining 25 percent was retained by plaintiffs, who paid all overhead expenses. Some time before October, 1986, defendant began secretly billing certain clients from his home address and retaining all of the fees paid. Plaintiffs discovered his practice in early October, 1986, and terminated his association with the group.

Plaintiffs' complaint was entitled "Suit for Accounting and Action for Damages." It alleged the secret billing, damages "in an amount of unknown thousands of dollars" and prayed for an accounting and for punitive damages. After the complaint was filed, plaintiffs put into a trust account all payments that they subsequently received from defendant's billings. At trial, defendant admitted that he had engaged in the secret billing, agreed that the court should order an accounting and agreed that he should be liable to plaintiffs for 25 percent of the amount secretly billed. His only contention was that the nature of his conduct was not egregious enough to support an award of punitive damages. The trial court ordered an accounting, and the jury returned a verdict awarding $18,000 in punitive damages.[1]

Defendant argues that an award of punitive damages is improper when the only other relief granted is an equitable accounting. He asserts that, without an award of actual damages, punitive damages cannot be awarded by the jury.

---

[1] After the accounting, the parties agreed that defendant's actions had damaged plaintiffs in the amount of $3,694, but that defendant's share of his billings deposited into the trust account after he was terminated was $4,194. Accordingly, the trial court entered a judgment granting defendant a $500 credit against the punitive damages.

*Klinicki v. Lundgren,* 298 Or 662, 695 P2d 906 (1985), is the leading case addressing whether an award of punitive damages can be made when the only other relief sought and ordered is an accounting. In *Klinicki,* the plaintiff, a minority shareholder, alleged that the defendant had wrongfully diverted a corporate opportunity. He brought an action for breach of fiduciary duty, seeking general and punitive damages.[2] The trial court dismissed the claim for actual damages, holding that the plaintiff, in his capacity as an individual shareholder, was not entitled to recover directly from the defendant the diminution in the value of his stock. However, the court ordered an accounting and injunction. Although the court initially allowed the jury to award punitive damages on the plaintiff's individual claim, it later struck the claim for those damages.

On appeal, the Supreme Court held that the punitive damages claim was properly dismissed. The court stated:

"[A]bsent breach of public trust or cases in which damages are presumed, punitive damages claims cannot be awarded merely to punish; the plaintiff must also plead and prove he or she was somehow actually hurt and damaged by the defendant's conduct. In other words, a proven, discrete, discernible harm must underlie any punitive damages award.

"\* \* \* \* \*

"The fact that the court granted [plaintiff's] equitable relief against [defendant] in the form of an accounting and an injunction \* \* \* did not prove any independent harm or damage to [plaintiff] caused by [defendant's] conduct. A decree ordering an accounting does not prove damages or harm. The accounting may balance in favor of the defendant or the plaintiff, or may demonstrate nothing. \* \* \*. The punitive damages award stood alone, and was not inextricably tied to proof by plaintiff that he had suffered an invasion of a legally protected interest. Under the circumstances of this case, the punitive damages claim was properly stricken by the court." 298 Or at 662.

Unlike in *Klinicki,* plaintiffs here established at trial a "proven, discrete, discernible harm." Indeed, defendant

---

[2] The plaintiff in *Klinicki* brought four claims, some of which were his claims as an individual and others of which were his claims as a derivative shareholder on behalf of the corporation. He requested general and punitive damages only on his individual claims. *Klinicki v. Lundgren, supra,* 298 Or at 665 n 1.

admitted at trial that he had harmed plaintiffs; the only question was the extent of the harm. Because of the surreptitious nature of the secret billing, an accounting was plaintiffs' only realistic means of ascertaining the full extent of their damages. However, unlike in *Klinicki,* there was no possibility in this case that the accounting would balance in favor of defendant or that it would reveal no damages at all.[3] Thus, actual harm was shown.[4]

The only remaining question, therefore, is whether a *showing* of actual harm is sufficient to support an award of punitive damages or, on the other hand, whether a *specific finding and award* of damages is required. Although Oregon courts have not directly addressed the exact question,[5] other jurisdictions have concluded that a showing of actual harm will support an award of punitive damages, even without a specific finding or award of actual damages. *See, e.g., Weiss v. Blumencranc,* 61 Cal App 3d 536, 543, 131 Cal Rptr 298 (1976); *Pringle Tax Service, Inc. v. Knoblauch,* 282 NW2d 151, 154 (Iowa 1979); *see also Annot.,* 40 ALR 4th 11, 28, § 4. Other jurisdictions, however, have reached the opposite conclusion. *See Annot., supra,* 40 ALR 4th 22, § 3.

**1, 2.** We conclude that, in Oregon, proof of actual harm is a sufficient basis upon which punitive damages may be awarded, even without a specific finding or award of actual damages. Our conclusion is supported by the Supreme Court's description in *Klinicki v. Lundgren, supra,* of the prerequisite

---

[3] The injunction and accounting in *Klinicki* was intended to prevent the defendant from transferring assets acquired through his wrongful conduct and to force an inventory of the kind and extent of those assets. The court also imposed a constructive trust, but it ran solely in favor of the corporation in which the plaintiff was a shareholder. The Supreme Court specifically held that, because the trust did not run in favor of the plaintiff, it would not reach the question of whether a judgment granting a constructive trust would support an award of punitive damages. *Klinicki v. Lundgren, supra,* 298 Or at 688.

[4] Defendant argues that, because the court granted him a credit after the accounting, the accounting established that plaintiffs were not damaged. We disagree. The accounting clearly established that plaintiffs were harmed in the amount of $3,694. That plaintiffs held in trust a sum that defendant was able to use as a setoff against that damage does not mean that plaintiffs were not damaged.

[5] The issue in *Klinicki v. Lundgren, supra,* was whether the granting of an equitable accounting can, standing alone, manifest the requisite proof that the plaintiff has suffered an invasion of a legally protected interest. 298 Or at 686. In this case, the proof of the harm is not manifested by the granting of the accounting, but rather by the evidence, including defendant's own admission, that he caused the harm.

for punitive damages as a "proof of harm," rather than as an "award of actual damages."[6] Because the award of punitive damages here was "inextricably tied to proof by plaintiff that he had suffered an invasion of a legally protected interest," *Klinicki v. Lundgren, supra,* 298 Or at 668, the trial court properly denied defendant's motions.

Affirmed.

---

[6] Although our decision was affirmed in *Klinicki,* we note that the Supreme Court did not adopt our statement that "[i]n Oregon an award of punitive damages is not proper unless there is also *an award of actual damages." Klinicki v. Lundgren,* 67 Or App 160, 167, 677 P2d 713 (1984). (Emphasis supplied). Rather, the Supreme Court stated:

"We analyze this legal problem on this basis:

"(1) Punitive damages cannot exist alone.

"(2) Punitive damages cannot be awarded without proof of harm.

"(3) Harm may be presumed in cases of wrongful attachment of property, invasion of privacy and trespass, or when there is a certain type of breach of fiduciary duty by a public officer.

"(4) The granting of certain types of equitable relief may or may not demonstrate some harm to a person who does not have an adequate remedy at law." 298 Or at 687.