# Don MARCOULIER,
*Appellant,*

*v.*

# Jerry UMSTED,
*Respondent.*

# Jerry UMSTED,
*Third-Party-Plaintiff - Respondent,*

*v.*

# Don MARCOULIER
and Felix Marcoulier,
*Third-Party-Defendants - Appellants,*

*and*

# Harvey STEEN,
*Defendant.*

## (37726; CA A48775)

805 P2d 140

David Gernant, Portland, for appellants.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The Supreme Court vacated our decision in this appeal, 102 Or App 61, 793 P2d 881 (1990), and remanded it to us for reconsideration in the light of *State v. Olmstead,* 310 Or 455, 800 P2d 277 (1990). *Marcoulier v. Umsted,* 310 Or 546, 800 P2d 299 (1990). *Olmstead* may be inconsistent with our conclusion that, because the Marcouliers (appellants) made no offer of proof, they had not preserved the contention in their second assignment that the court erred by excluding evidence that Umsted failed to mitigate damages. The trial court excluded the evidence because of its conclusion that appellants were required to and had not pleaded mitigation of damages or avoidance of consequences as an affirmative defense.

■    The Supreme Court reasoned in *Olmstead* that an offer of proof is not necessary to preserve an issue for appeal when the asserted error does not relate primarily to the admissibility of particular evidence, but involves an underlying legal ruling that results in the exclusion of the evidence as a consequence. Thus, the court held that the defendant did not have to make an offer of proof in support of his insanity defense in order to preserve for appellate review the trial court's ruling that the defense was unavailable as a matter of law to the DUII and DWS offenses with which he was charged. The court gave two reasons:

> "One purpose of an offer of proof is to assure that appellate courts are able to determine whether the ruling was erroneous. *State v. Affeld,* [307 Or 125, 128, 764 P2d 220 (1988)]. When the trial court rules that a party may not present any evidence on a defense, on the ground that the defense is unavailable as a matter of law, that purpose is fulfilled without the need for an offer of proof. In this situation, an offer would give us no additional information that bears on the *legal* question of the availability of the defense.

> "Another purpose of an offer of proof is to assure that the trial court can make an informed decision. An offer of proof permits the parties to raise additional arguments, if appropriate, and gives the court an opportunity to reconsider its ruling and correct any error. *Booth-Kelly Lumber Co. v. Williams,* 95 Or 476, 483, 188 P 213 (1920); I Wigmore, Evidence 858, § 20a (Tillers ed 1983). The parties in this case fully argued the merits of the legal issue, and there is nothing to suggest that an offer would have altered the court's analysis. Indeed, an

offer would not have been responsive to the state's motion, which framed only the broad *legal* issue. When the trial court excludes an entire class of evidence by declaring, in advance, that it is inadmissible as a matter of law, the ruling renders a further offer futile." 310 Or at 461. (Emphasis in original.)

■ A significant difference between this case and *Olmstead* is that the defendant there sought to raise on appeal the legal question of the availability of the defense, while the assignment of error here purports to be directed at the exclusion of the evidence itself. *But see* note 1, *infra.* That difference might be of decisive importance if the court in *Olmstead* had recognized as a purpose of the offer of proof requirement that a party should be required to substantiate that it has sufficient admissible evidence to prove or rebut its factual proposition, even if the trial court has mistakenly concluded that the party cannot rely on the proposition as a matter of law. The legal error would often be harmless if there were insufficient evidence of the fact. *See Booth-Kelly Lumber Co. v. Williams,* 95 Or 476, 483-84, 188 P 213 (1920). For example, in *Olmstead,* it arguably would have made no difference whether the insanity defense was available if the defendant could produce no evidence that he was insane. Here, it would seemingly be inconsequential whether the trial court erred in ruling that the defense had to be *pleaded,* if appellants were unable to show that they could produce whatever *proof* was required of them. However, *Olmstead* does not make that consideration relevant to the preservation question and, therefore, neither can we. Here, as in *Olmstead,* the evidence was excluded because of an underlying ruling on a matter of law, and the evidentiary issue appellants raise is preserved.[1]

---

[1] In a memorandum of additional authorities, filed after the Supreme Court's remand, Umsted points out that appellants' assignment of error mischaracterizes the challenged ruling as one excluding evidence, when the portion of the record that appellants recite actually relates to the denial of their motion to amend their pleading. Umsted then notes that, elsewhere in the record, appellants asked only one question relating to mitigation, and they withdrew it after Umsted objected and the trial court admonished, "Didn't we go over this in a Pre-Trial matter?" Umsted concludes that appellants never attempted to introduce evidence of mitigation. Appellants answer, in effect, that the court made it clear in advance that it would admit no evidence of mitigation and, under the logic of *Olmstead,* no *more* preservation than the withdrawn question was necessary. We agree that that is the logic of *Olmstead.*

Umsted also states that, in our original opinion, we were "misled by the appellants' confusing assignment of error and inconsistent paraphrasing of the portion

■  On the merits, the trial court concluded that, under ORCP 19B, the defenses of mitigation and avoidable consequences must be pleaded affirmatively. Appellants rely on *Zimmerman v. Ausland,* 266 Or 427, 513 P2d 1167 (1973), and *Blair v. United Finance Co.,* 235 Or 89, 383 P2d 72 (1963), for the opposite conclusion.[2] Appellants are correct. The court said in *Zimmerman:*

> "In considering whether plaintiff is required to mitigate her damages by submitting to surgery we must bear in mind that while plaintiff has the burden of proof that her injury is a permanent injury, defendant has the burden of proving that plaintiff unreasonably failed to mitigate her damages by submission to surgery. * * * However, evidence that plaintiff could reasonably have avoided all or part of the damages is admissible under a general denial." 266 Or at 432. (Citations omitted.)

It said in *Blair:*

> "The defense [of avoidable consequences] need not be affirmatively alleged. * * * Evidence that a plaintiff reasonably could have avoided all or part of the damages is admissible under the general issue." 235 Or at 91. (Citations omitted.)

*See also Nelson v. EBI Companies,* 296 Or 246, 252, 674 P2d 596 (1984).

ORCP 19B was adopted after *Zimmerman* and *Blair* were decided. It provides, as material:

> "In pleading to a preceding pleading, a party shall set forth affirmatively [several enumerated defenses, not including mitigation or avoidable consequences] and any other matters constituting an avoidance or affirmative defense."

The Council on Court Procedures staff comment notes that:

---

of the record setting out the specific ruling." If the point of that statement is that the assignment of error is deficient, we agree, and it is not unique among appellants' assignments in that respect. *See* 102 Or App at 66. However, on this remand from the Supreme Court, we are not at liberty to refuse to consider an assignment of error that we did address in our earlier disposition of the appeal, notwithstanding the inadequacy of the assignment.

[2] Appellants and the trial court appear to treat the doctrines of avoidable consequences and mitigation of damages interchangeably. Although we question the analytical accuracy of that treatment, it appears to find support in *Zimmerman v. Ausland, supra.* In any event, whether the doctrines are or are not correctly viewed as synonymous or as overlapping, no reason occurs to us why the pleading and proof requirements that apply to them should differ.

"Section 19B does not change the existing burden of pleading," although some "specific affirmative defenses which do not appear in the federal rule but which are the subject of Oregon cases are included." Merrill, *Oregon Rules of Civil Procedure: 1990 Handbook* 57. ORCP 19B does not affect the holdings in *Zimmerman* and *Blair,* and the trial judge erred by excluding the evidence on the ground that he did.[3]

As part of their second assignment, appellants also contend that the court erred by denying their motion for a directed verdict, made on the ground that Umsted's proof of damages failed because there was no evidence of mitigation. As the cases on which appellants rely make clear, Umsted had no burden of proof on mitigation. Hence, no directed verdict should have been allowed against him on the ground that he did not prove mitigation.

In the same assignment, appellants also attempt to challenge the court's refusal to give an instruction on avoidance of damages. Any such error in the jury instructions is intertwined with the error in excluding the evidence and will be curable on remand in the trial court. The Supreme Court's instructions in its remand to us do not affect the portions of our earlier opinion relating to the other assignments of error, and we adhere to them.

■   Appellants argue that, because the error on the mitigation question goes to all of Umsted's compensatory damages, a remand on all issues is necessary. They are not correct. In the first place, we have affirmed the judgment for Umsted in the partnership dissolution proceeding, and it is not affected by our present disposition of the third-party claim. On that claim, Umsted was awarded $100,000 damages for lost future income and profits and $25,000 in punitive damages. The mitigation/avoidable consequences defense can relate directly only to the compensatory damages. Appellants argue that the punitive damages award cannot stand in the absence of an award of compensatory damages. Umsted takes the opposite view, relying on *Goodale v. Lachowski,* 97 Or App 158, 775 P2d 888 (1989). We held there that proof of actual harm, even in the absence of an award of actual damages, is

---

[3] No substantive legal questions concerning the defenses are before us, and we imply no answers to any that might arise on remand.

sufficient to support an award of punitive damages. *See also Klinicki v. Lundgren,* 298 Or 662, 695 P2d 906 (1985). Under the facts here, however, that may be a distinction without a difference. In *Goodale,* the remedial relief sought was equitable and did not include damages. Conversely, to show actual harm here, Umsted must also necessarily show that he is entitled to some actual damages that appellants cannot show he could have completely avoided.

It does not follow, however, that the punitive damages issue must be retried. If Umsted recovers a net compensatory award, there is a predicate for a judgment for punitive damages. The only effect that the mitigation issue could have is in the determination of whether there is actual harm to make exemplary damages permissible; neither the facts justifying punitive damages nor the amount awarded at the first trial is affected by the issue on which we remand. Therefore, if Umsted recovers compensatory damages on remand, the $25,000 punitive damages award should be included in the judgment, without further fact-finding. Similarly, the issue of liability does not need to be retried. The only factual questions that require redetermination are damages and any that are presented by the mitigation/avoidable consequences defense. *See Wells v. Marleau,* 79 Or App 784, 720 P2d 409, *rev den* 302 Or 159 (1986).

Third-party claim reversed and remanded for further proceedings not inconsistent with this opinion; otherwise affirmed.