Argued and submitted July 29, reversed and remanded with instructions
November 13, 1991

## Delos D. SHINN,
*Appellant,*

*v.*

## THE BUCKLEY HOUSE, INC.,
*Respondent.*

### (90-90367; CA A67381)

820 P2d 903

Keith Rodman, Eugene, argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

The trial court awarded judgment to plaintiff on a claim for an account stated but denied his claim that interest on the account was payable from the date of accrual[1] on the basis of defendant's defense of estoppel. Plaintiff appeals and assigns error to the trial court's failure to strike defendant's affirmative defense under ORCP 21A(8), because it does not allege a false representation made with the intention that defendant rely on it.[2] *See Donahoe v. Eugene Planning Mill,* 252 Or 543, 545, 450 P2d 762 (1969). We strictly construe pleadings of estoppel to determine whether the elements are alleged. *See Wallace v. American Life Ins. Co. of Des Moines, Iowa,* 116 Or 195, 237 P 974 (1925); *see also Commercial Securities v. Hall,* 140 Or 644, 15 P2d 483 (1932). Defendant's defense fails to allege the requisite elements, and plaintiff was entitled to interest on the judgment. In the light of that conclusion, we need not address plaintiff's other assignment of error.

Reversed and remanded with instructions to enter amended judgment not inconsistent with this opinion.

---

[1] ORS 82.010(2) provides, in part:

"The rate of interest for the following transactions, if the parties have not otherwise agreed to a rate of interest, is nine percent per annum and is payable on:

"(a) All monies after they become due; but open accounts bear interest from the date of the last item thereof."

[2] In its second affirmative defense, defendant alleged:

"7

"Plaintiff provided Defendant accounting services from 1969 through 1986. During that time, Plaintiff sent bills to Defendant for the value of the accounting services he provided.

"8

"Defendant regularly paid those bills late, whenever funds were available and did not pay immediately upon presentation of the bills.

"9

"During the entire time that Plaintiff billed Defendant for these services, Plaintiff never charged Defendant any interest on the past due account.

"10

"Plaintiff's failure to charge interest on the account led Defendant to change its position to such an extent that allowing Plaintiff to assert a right to interest would unduly prejudice Defendant."